FRANK WALKER v. GRAND FORKS LUMBER COMPANY.[1]

May 29, 1902.

Nos. 13,006—(138).

**Personal Injury—Negligence and Contributory Negligence.**

Upon an examination of the testimony in this, a personal injury case, it is *held* that the questions of defendant's negligence in failing to fully guard certain machinery in its sawmill, in which plaintiff, an employee, was injured, and of the latter's contributory negligence or assumption of risk, were for the jury to pass upon and determine.

**Fencing Machinery—Charge to Jury.**

The court instructed the jury, in substance, that machinery such as that in which plaintiff was injured should be, as far as practicable, properly guarded or otherwise protected. *Held*, in view of the character of this particular machinery, that the instruction was not erroneous.

Action in the district court for Polk county to recover $10,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $7,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Davis, Hollister & Hicks*, for appellant.

*H. A. Bronson* and *Charles Butts*, for respondent.

COLLINS, J.

The plaintiff was in the employment of defendant corporation as an oiler in its sawmill. He was an experienced man, but had worked in this particular mill only seven days when his foot was caught in a large wheel—a part of the log-chain gearing—and

[1] Reported in 90 N. W. 573.

crushed so that amputation below the knee became necessary. This action was brought to recover damages, and plaintiff had a verdict. The appeal is from an order denying the alternative motion, made under the provisions of Laws 1895, c. 320.

In the course of the performance of plaintiff's duty as an oiler, it became necessary for him to walk on certain beams some eight or ten feet above the floor of the mill, in order to reach and oil the wheel in which he was caught and another of the same size, both with bevelled gearing, the teeth meshing at right angles, and running upon separate shafting. These wheels were of cast iron, with arms and, of course, arm spaces. One of them ran parallel with and near to the beam on which plaintiff had to step from another beam at right angles with it, in order to oil the machinery. Both wheels had been guarded with boards shaped into a box or hood, but on the side toward plaintiff, as he stepped onto the beam, the covering board did not fit down close to the beam. An aperture of from one and a half to three inches wide had been left between the lower edge of this board and the top surface of the beam, and in stepping onto the latter the plaintiff's foot slipped through the aperture and into one of the arm spaces of the wheel, which was revolving with dangerous rapidity. His foot did not get into the cogs, but was simply caught in this arm space and the injury resulted.

A careful examination of the testimony leads to the conviction that the questions of defendant's negligence in failing to fully protect and guard these wheels and of plaintiff's contributory negligence or assumption of risk were for the jury to pass upon and determine. It would be useless to state this testimony in detail, and we refrain. The rules of law which are applicable in such cases have again and again been enunciated by this court.

Counsel for the defendant have taken exception to certain portions of the charge. Upon the whole the court below very clearly and impartially submitted the issues, and we see no reason to review all of the alleged erroneous instructions. Only one of the assignments of error directed to the charge needs comment. The court charged that:

"The law requires that machinery like the gearing and wheels where plaintiff was injured should be, as far as practicable, properly guarded or otherwise protected."

It is contended by defendant's counsel that whether these wheels should have been guarded or protected was, under the circumstances of this case, a question of fact for the jury, and that by this part of the charge the jury were deprived of determining the fact.

G. S. 1894, § 2248, requires certain specified machines and "machinery" to be located so as not to be dangerous to workmen, or, as far as practicable, to be guarded, fenced, or otherwise protected, and all dangerous places about factories, mills, workshops, and public and private works near to which any employee is obliged to pass, or to be employed, must also be guarded or protected. It is obvious that these wheels were dangerous and should have been properly guarded in so far as it was practicable so to do. They were rapidly revolving machinery located dangerously near to the beam on which plaintiff was obliged to pass, and from the hazard he should have been protected. The law requires this, and defendant failed to properly and sufficiently observe it. The court was correct in charging on the facts, as they appear here, that these wheels should have been guarded as far as practicable. And that due observance of the law required them to be guarded was recognized by the defendant corporation when it endeavored to cover the wheels by means of the box or hood mentioned. It had attempted to comply with this statute and had only partially succeeded. If it had not boxed the wheels at all, the plaintiff might easily have seen them—each about three feet in diameter—and the arms and the arm space into which his foot slipped. Undoubtedly he would have taken notice of a danger so plain and imminent and escaped injury. As it was, and because of the manner in which defendant attempted to perform its duty, the protection was a mere trap, for an aperture not seen except upon particular inspection was left between the edge of the board and the beam. This disposes of the sixth assignment of error.

The order appealed from is affirmed.